IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JACKIE RUSSELL KEETER, Institutional ID No. 935295, SID No. 04000659, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:20-CV-00066-BU |
| LORIE DAVIS, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER DENYING MOTION FOR RECORDS

Pro se Plaintiff Jackie Russell Keeter is an inmate at the TDCJ's Allred Unit where he is serving a life sentence. He filed this civil action under 42 U.S.C. § 1983 complaining of events that occurred at TDCJ's Robertson Unit in Abilene, Texas. Dkt. No. 1. The Court granted Keeter leave to proceed *in forma pauperis*, which subjects his Complaint to the Court's preliminary screening under 28 U.S.C. § 1915. Dkt. No. 7. And because Keeter, an inmate, sues a government entity, officer, or employee, his Complaint is also subject to screening under 28 U.S.C. § 1915A. The case was transferred to the undersigned to conduct the preliminary screening required by those statutes. Dkt. No. 8. The undersigned was also designated to exercise jurisdiction to conduct all proceedings as provided in 28 U.S.C. § 636(c), including the entry of judgment. *Id*. Keeter later consented to the undersigned exercising the full jurisdiction of this Court. Dkt. No. 15.

Keeter initially brought claims under the Eighth Amendment for prison officials' failure to protect him from sexual assault by his cellmate. Dkt. No. 1. He claims that the

1

assaults happened because he was improperly matched with a violent G5 cellmate in violation of Prison Rape Elimination Act (PREA) standards. *Id.* Keeter brings these claims against Bobby Lumpkin, Director of the TDCJ-CID; Gene Monroe, Regional Director of the TDCJ; Steven Sperry, Middleton Unit Warden; Monte Griffin, Middleton Unit Assistant Warden; Karla Sadler, Major of Operations at the Middleton Unit; Michelle Florida, Middleton Unit Classification Committee Case Manager; Crystal Hudson, Captain of the Middleton Unit Correctional Officers; and Paul Weaver, Correctional Officer III.

After considering the allegations in Keeter's Complaint, his *Spears* hearing testimony, the authenticated TDCJ records, and the applicable law, the Court found that Keeter's failure-to-protect claims against Sadler, Hudson, Florida, and Weaver survived the Court's preliminary screening. But the Court found that Keeter's claims against Griffin for failure to properly investigate allegations of sexual assault, and his claims against Griffin, Monroe, and Sperry for failure to properly train staff on proper cell assignments and preventing sexual assaults did not survive judicial screening and those claims were dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Now before the Court is a letter Keeter sent to the Clerk and docketed as Motion for Excerpts from TDCJ Authenticated Records. Dkt. No. 26. Through this Motion, Keeter seeks copies of photographs taken during his treatment at the Hendrick Medical Center which he believes are in the authenticated TDCJ records provided to the Court. *Id*. Keeter believes the photographs depict evidence of Keeter having been "badly beaten, after being sexually assaulted." *Id*. He also appears to seek the medical "report associated with this

case." *Id*. Keeter states that representatives of Hendrick Medical Center "told my son that the pictures and medical report would cost $95.00 dollars," but he hoped to obtain copies from the Court less expensively. *Id*.

The Court received verified and authenticated administrative records from the TDCJ on July 1, 2020, in response to an Order for Authenticated Records. Dkt. No. 13. That Order stated:

> Upon receipt by the Court, such records shall be maintained in chambers and reviewed solely for screening purposes. Because the materials provided sometimes contain information protected by law, records submitted in response to this order shall not be filed with the Clerk unless the Court dismisses any of Plaintiff's claims as a result of the screening process and Plaintiff appeals such dismissal. In that event, all materials received under the Court's order, e.g., documents, DVDs, thumb drives, etc., shall be made a sealed part of the record and forwarded to the Court of Appeals.

*Id.* at 2.

At this time, although the Court has dismissed some of Keeter's claims, *see* Dkt. No. 26, he has not appealed the dismissals to the Court of Appeals. Unless and until Keeter timely appeals, the administrative records submitted will not be assigned a docket number nor become part of the record. However, as the Court noted in its Order to Answer and for Partial Dismissal, the Hendrick Medical Center records do not appear to be included in the authenticated TDCJ records provided to the Court. Dkt. No. 26 at 8 fn.6.

For these reasons, Keeter's Motion for Excerpts from TDCJ Authenticated Records, Dkt. No. 26, is DENIED.

ORDERED this 8th day of November, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE